John LYNN and JWL Construction Co., Inc., Plaintiffs–Appellants,

v.

VILLAGE OF POMONA, The Planning Board of the Village of Pomona, P. Joseph Corless, Michael Zrelack, Jr., and Herbert Marshall, Mayor of the Village of Pomona, Defendants–Appellees.

No. 05–3955–cv.

United States Court of Appeals, Second Circuit.

Jan. 9, 2007.

Alan Serrins, Queller, Fisher, Dienst, Serrins, Washor & Kool LLP, New York, New York, for Appellants.

Michael A. Miranda, Miranda Sokoloff Sambursky Slone Verveniotis LLP, Mineola, New York, for Appellees.

PRESENT: Honorable THOMAS J. MESKILL, Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs John Lynn and JWL Construction Co., Inc. (collectively, "Lynn") appeal from an award of summary judgment in favor of defendants, the Village of Pomona ("Village"), the Village Planning Board, Joseph P. Corless, Michael Zrelack, Jr., and Herbert Marshall (collectively, "defendants") on Lynn's claims of racial discrimination and retaliation in violation of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA"), *as amended,* 42 U.S.C. § 3612; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.;* and the Rockland County Human

Rights Law.[1] *See Lynn v. Vill. of Pomona*, 373 F.Supp.2d 418 (S.D.N.Y.2005). We review a summary judgment award *de novo*, viewing all facts in the light most favorable to the nonmoving party, and we will affirm only if the record reveals no genuine issue of material fact warranting trial.[2] *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir.2003). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Discrimination*

Section 3604(a) of the Fair Housing Act makes it "unlawful [to] refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race." 42 U.S.C. § 3604(a). Lynn alleges that defendants violated this law by imposing construction delays and withholding regulatory approvals on certain of his properties because he sold those properties to members of racial minorities. The district court concluded that Lynn failed to adduce *prima facie* evidence of such discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Mitchell v. Shane*, 350 F.3d at 47. Notably, he failed to show that defendants treated oth-

er builders, similarly situated to himself, more favorably because their purchasers were not racial minorities or that his minority-owned homes were subject to more scrutiny than homes he built for non-minority buyers. *See, e.g., Cabrera v. Jakabovitz*, 24 F.3d 372, 390 (2d Cir.1994) ("As long as a plaintiff can prove that a defendant afforded an African–American person fewer housing opportunities than a similarly-situated White person on account of race, the plaintiff has made out a case under Title VIII.").

Lynn contends that the district court erred by focusing its comparative analysis on builders rather than purchasers. In fact, the district court drew no such bright-line distinction between builders and purchasers. In its thoughtful and thorough opinion, the district court recognized that Lynn, a builder, was seeking damages for himself based on defendants' alleged differential treatment of those lots Lynn sold to minority buyers. In analyzing plaintiffs' *prima facie* case, the district court properly considered the evidence adduced by Lynn to determine whether it showed that other builders, who were similarly situated to Lynn except for the race of the purchasers of certain lots, had received more favorable treatment from defendants. It correctly concluded that no such evidence had been adduced.[3]

---

1. Although Lynn alleges that defendants violated the "County Human Rights Law," it appears that Lynn is actually alleging a violation of the Rockland County Fair Housing Law, which makes it unlawful "for any . . . person, including but not limited to those having the right to sell, rent, lease, sublease, assign, transfer, negotiate for *or otherwise make available* to any person or group of persons such housing accommodations . . . to discriminate against any person because of his race . . . ." Rockland County Human Rights Law § 261–3 (emphasis added).

2. Because the standards relevant to Lynn's state and local law claims parallel those applicable under the FHA, *see Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir.2005), our resolution of Lynn's FHA challenge resolves the whole of his appeal.

3. We do not hold that a person in Lynn's position was legally precluded from making a claim under Title VIII based solely on comparisons between homes he sold to minorities and those he sold to non-minorities. *See Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir.2001) ("[A] showing of disparate treatment, while a common and es-

■ In challenging this conclusion, Lynn points to defendants' conduct with respect to other builders' development of four particular lots. His comparisons, however, are inapt. To the extent Lynn compares defendants' conduct with respect to his development of Lot # C–46 and another builder's development of Lot # C–47, Lynn did not sell the former lot to a minority purchaser, nor has he adduced any evidence that he intended to do so. By itself, this fact renders Lot # C–46 incompatible for purposes of establishing the differential treatment based on race necessary to a *prima facie* case. The comparison is flawed in another respect: the record would not permit any reasonable juror to conclude that the lots were similarly situated. While Lynn conclusorily asserts that both lots were subject to Steep Slope Law restrictions, defendants offer unrefuted evidence that the Steep Slope Law applied only to Lynn's Lot # C–46, not to Lot # C–47. *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir.2001) (holding that conclusory allegations cannot defeat summary judgment); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir.1995) (same).

Lynn did sell Lot # H–14 to a minority purchaser, but he again relies only on conclusory assertions to support his claim that this parcel was sufficiently similarly situated to Lot # C–51, developed by another builder, to permit an inference of race discrimination to be drawn from alleged differences in defendants' regulatory treatment. By contrast, defendants adduced

extensive documentary evidence showing that none of the lots Lynn identified as being developed by other builders (*i.e.* Lots ## C–47, C–51, G–34, and I–8) were situated similarly and treated differently from the lots Lynn developed for minority purchasers. In discussing this record, the district court did not itself resolve any questions of fact; rather, it correctly concluded that Lynn had failed to adduce sufficient evidence to raise any material issues of fact requiring jury resolution. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S.Ct. 2505 (observing that court appropriately considers "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict").

Accordingly, we conclude that summary judgment was correctly entered in favor of defendants on Lynn's discrimination claim.

## 2. *Retaliation claim*

Under the FHA, it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [*inter alia* ] ... Section 3604." 42 U.S.C. § 3617. Here again, the district court concluded that Lynn failed to adduce evidence sufficient to establish even a *prima facie* case of retaliation. *See Regional Econ. Cmty. Action Program v. City of Middletown*, 294 F.3d 35, 54 (2d Cir.2002). We agree.

---

pecially effective method of establishing the inference of discriminatory intent necessary to complete the *prima facie* case, is only one way to discharge that burden."). It is conceivable that such a plaintiff could show that, as a result of discrimination, he was placed in a less favorable position by selling to minori-

ties than he would have been had he sold only to non-minorities. Nonetheless, we decline to find error in the district court's focus on the very lots that Lynn highlighted for comparison purposes, particularly as Lynn failed to point us to any evidence in the record that would support a different inquiry.

**42**

■ As the district court noted, Lynn referenced only one lot, # I–6, in support of the retaliation claim. Although Lynn showed that defendants issued a Stop–Work Order and revoked the building permit on this lot, Lynn adduced no evidence linking these actions to the HUD complaint. On the contrary, Lynn admitted that (1) the Stop–Work Order was issued *before* service of the HUD complaint, *see* Pls. Rule 56.1 Stmt. ¶ 259; and (2) the building permit was revoked because Lynn failed to comply with the requirements of the phased construction rules, *see id.* ¶ 265–66. Further, as the district court correctly concluded, the record evidence demonstrates that Village officials applied the same level of scrutiny to the development of Lynn's lots—whether sold to minority or non-minority purchasers—before and after the HUD complaint. On this record, no reasonable jury could find retaliation.

We have reviewed plaintiffs' other contentions and find them to be without merit. Accordingly, the district court's June 14, 2005 judgment granting summary judgment for defendants is hereby AFFIRMED.